# LAW OFFICES OF JILL R. SHELLOW

---

Telephone: 212.792.4911  /  Fax: 212.792.4946  /  jrs@shellowlaw.com
All correspondence to:  80 Broad Street, Suite 1900, New York, NY  10004

September 7, 2020

**BY ECF AND EMAIL**
The Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007
SwainNYSDCorresp@nysd.uscourts.gov

**MEMO ENDORSED**

      RE:  *United States v. Constantinescu, et al.*, 19-cr-651 (LTS)

Dear Judge Swain:

      I am writing in response to the August 31, 2020 email that Your Honor's chambers sent to me and to the Government.  The defendants respectfully request a 60-day adjournment of the conference presently scheduled for September 18 so that they can continue to review discovery including that produced recently and explore pretrial dispositions with the Government.  Defense counsel consent to the exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3116(h)(7)(A).  The Government consents to this request.

      Over the last week, I have conferred with the Government and been in touch with all defense counsel.  We all agree that an in-person conference, or even a telephone or video conference with all defendants and their lawyers is not feasible.  The Government represents that with the discovery provided to the Coordinating Discovery Attorney on September 1, 2020, the bulk of the discovery the Government is obligated to produce has been provided.

      While defense counsel have been diligently reviewing the discovery, the incarcerated defendants still have major problems because of their limited access to the necessary computer hardware.  This problem is not unique to these defendants.  On August 25, 2020, the Honorable Katherine Polk Failla issued an Order directing the BOP to provide specific information about inmates' access to computer equipment no later than September 25.  *See United States v. Tavarez,* 19-cr-690 (KPF) (Dkt. #68).  A copy of Judge Failla's Order is attached.  Our hope is that the BOP's response to Judge Failla's Order will provide

---

**Connecticut Office**:  2537 Post Road, Southport, CT 06890  /  Tel: 203.258.1463  /  Admitted:  NY, CT, DC

**The Honorable Laura Taylor Swain**
**United States District Judge**
September 7, 2020
Page two

information that will inform a request that defense counsel for incarcerated defendants will make to Your Honor to address this problem.

      Thank you for your consideration.

                              Respectfully submitted,

                              Jill R. Shellow

cc:    All counsel (by email and ECF)


The application is granted.  The conference is adjourned to November 19, 2020 at 2:00 p.m.  The Court finds pursuant to 18 U.S.C. §3161(h)(7)(A) that the ends of justice served by an exclusion of the time from today's date through November 19, 2020, outweigh the best interests of the public and the defendants in a speedy trial for the reasons stated above.

SO ORDERED.
Dated:  September 8, 2020

/s/ Laura Taylor Swain_
Laura Taylor Swain, USDJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| -v.- | 19 Cr. 690 (KPF) |
| ARIEL TAVAREZ, *et al.*, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

The Court has been advised that, as a result of restrictions on movement at the Metropolitan Correctional Center ("MCC") and the Metropolitan Detention Center ("MDC"), due in part to the COVID-19 health emergency, inmates detained at those facilities are now permitted to possess and review electronic discovery files in their units. However, at a conference in this case, held on August 20, 2020, the Court was advised by defense counsel that, for two defendants currently detained at the MCC, there were serious problems accessing electronic discovery files on the computers in Defendants' units. Further investigation by the Court suggests that many of the unit computers at the MCC and MDC are inoperable or otherwise out of service, or alternatively, lack the software necessary to review electronic discovery files. Accordingly, the Court ORDERS representatives from counsels' office for each of the MCC and MDC to advise the Court of each of the following on or before **September 25, 2020**:

1. The number of units per facility, the number of computers per unit, the number of working computers per unit, and the number of inmates per unit;

2. Whether each of the working computers is operable with respect to the following programs, which are necessary for the review of electronic discovery files: Adobe Reader (or open source software with substantially similar capabilities), Microsoft Office Suite (or open source software with substantially similar capabilities), VLC Media Player, and Google Chrome (or other browser capable of viewing .html files);

3. The number of operable computers, as defined above, per unit, and the number of inmates reliant on each operable computer for review of electronic discovery files;

4. The availability of facilities that would permit the storing and charging of laptop computers or tablets in each unit in the MCC and MDC; and

5. The security risks, if any, of the introduction of laptop computers or tablets, from which the ability to send and receive information is removed or disabled, for the sole purpose of reviewing discovery and legal materials from:

   a. electronic discovery files that are preloaded onto said laptop or tablet, or

   b. a media storage device with electronic discovery files that relate to an inmate's criminal case.

Counsel for the MCC and MDC are further ORDERED to show cause in writing on or before **September 25, 2020**, why laptop computers or tablets

should not be introduced into the units, were such devices (i) incapable of accessing the internet and otherwise sending or receiving information; (ii) supplied by the Criminal Justice Act Case Budgeting Attorney for the Second Circuit Court of Appeals; and (iii) introduced after the development of appropriate security and logistical protocols at each facility and pursuant to such protocols.

The Government is directed to transmit a copy of this Order to the appropriate counsel at each of the MCC and the MDC.

SO ORDERED.

Dated: August 25, 2020
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge